IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| BILLY W. ANDERSON, #183 981 | * | |
| Plaintiff, | * | |
| v. | * | 2:10-CV-693-TMH (WO) |
| RICHARD ALLEN, PRISON COMMISSIONER, | * | |
| | * | |
| Defendant. | | |

_____

**O R D E R**

Plaintiff is incarcerated at the Draper Correctional Facility located in Elmore, Alabama. He files the instant 42 U.S.C. § 1983 action complaining that he has been denied adequate medical care for a cyst on his forehead "as far back as the year 2004." Plaintiff files this action against Commissioner Richard Allen.[1] Plaintiff's complaint has been accepted for filing. Before further proceedings in this matter are conducted, however, the court deems it appropriate to direct Plaintiff to amend his complaint concerning the factual allegations contained therein.

In light of the foregoing, Plaintiff is ORDERED to file an amended complaint on or before **October 1, 2010**, on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local

---

[1] Plaintiff is advised that the doctrine of *respondeat superior* is inapplicable to § 1983 actions. *See Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 694 (1978); *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.")

Rule 9.1 (requiring *pro se* litigants to utilize court's forms).  **<u>Plaintiff's original complaint shall be superseded by this amended complaint</u>**.  That means Plaintiff shall no longer rely on the original complaint.   Plaintiff is advised that it is necessary that he file a separate complaint for each claim he seeks to present unless the claims are related to the same incident or issue.  Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs.  Plaintiff must, therefore, decide on which claim he will proceed in this action.

Accordingly, it is further ORDERED that Plaintiff's amended complaint shall:

1.  Specifically identify the individual(s) Plaintiff seeks to name as a defendant(s);

2. Identify specific claims relative to ***actions taken against Plaintiff*** by the named defendant(s) and list these claims in separate counts;

3.  Describe with clarity those factual allegations that are material to each specific count against the named defendant(s); and

4.  Describe how each named defendant violated ***Plaintiff's*** constitutional rights.

It is further ORDERED that:

5. Plaintiff's amended complaint filed in compliance with this order shall contain one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts.  Claims concerning defendants located at different prisons within this district should be brought in separate complaints and/or claims concerning defendants located at  prisons located in other districts should be brought in other actions filed in the district where the prison is located;

6. Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

The Clerk is DIRECTED to send to Plaintiff a form for use in filing a complaint under § 1983. Plaintiff is advised that his failure to file an amended complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order. Furthermore, the failure to plead an amended complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after being required to replead a complaint, may result in a Recommendation that the complaint be dismissed under F.R.Civ.P. 41(b) for failure to comply with the court's order. *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991).

DONE, this 16th day of September 2010.

    /s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE