IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| BILLY W. ANDERSON, #183 981 | * | |
| Plaintiff, | * | |
| v. | * | 2:10-CV-693-TMH |
| | | (WO) |
| RICHARD ALLEN, PRISON COMMISSIONER, | * | |
| | * | |
| Defendant. | | |

_____

**O R D E R**

Plaintiff initiated this action on August 16, 2010. After conducting its initial review of the complaint, the court entered an order on September 16, 2010 granting Plaintiff an opportunity to amend his complaint in order to plead a complaint that provided fair notice to the court and a defendant of his claim(s) against the defendant(s). The court's September 16 order specifically advised Plaintiff that when filing his amended complaint he must: 1) "specifically identify the individual(s) Plaintiff seeks to name as a defendant(s); 2) identify specific claims relative to *actions taken against Plaintiff* by the named defendant(s) and list these claims in separate counts; 3) describe with clarity those factual allegations that are material to each specific count against the named defendant(s); and 4) describe how each named defendant violated *Plaintiff's* constitutional rights." (*See Doc. No. 7.*) Plaintiff was further informed that "[c]laims concerning defendants located at different prisons within this district should be brought in separate complaints and/or claims concerning defendants located

at prisons located in other districts should be brought in other actions filed in the district where the prison is located." (*Id*.)

Plaintiff filed his amended complaint on September 28, 2010. Review of the Plaintiff's amended complaint reflects that it names the same defendants as were named in the original complaint, still contains only general and conclusory allegations of constitutional violations, and fails to identify how the named defendants are and/or were responsible for the alleged violations of his constitutional rights. S*ee Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 694 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."); *see also Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) *(per curiam)* (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). Moreover, Plaintiff indicates that the matters about which he complains occurred at the Donaldson Correctional Facility which is outside the jurisdiction of this court. It further appears that the matters about which Plaintiff complains, or at least some of them, may have occurred beyond the statute of limitations applicable to § 1983 actions. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992) (in Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l)).

Accordingly, it is

ORDERED that on or before **October 19, 2010** Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). *The amended complaint filed in compliance with this order shall supersede the original complaint and the September 28, 2010 amended complaint.* This means that Plaintiff shall no longer rely on the original and amended complaints and this case will proceed only on those claims raised and against those defendants named in the second amended complaint filed in accordance with this order.

It is further ORDERED that Plaintiff's second amended complaint shall:

1. Identify specific claims relative to actions taken against him by those persons named as defendants and list these claims in separate counts, *e.g.*, identify the correctional and/or medical personnel who have allegedly failed to provide him with adequate medial treatment, identify when and where said individual(s) denied him allegedly adequate medical care, and describe how the conduct and/or actions of said individual(s) allegedly violated his constitutional rights;

2. Describe with clarity those factual allegations that are material to each specific count against the named defendants; and

3. Describe how the named defendants violated his constitutional rights.

***Plaintiff is hereby advised that the amendment to his complaint must set forth short and plain statements showing why he is entitled to relief and <u>be specific enough to put each defendant on notice of how their conduct allegedly violated Plaintiff's constitutional</u>***

***<u>rights</u> and should contain only claims relative to actions taken against him by the named defendants.***[1] "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary, rather the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 555, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "Plaintiff's obligation to provide the 'grounds' of h[er] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation that this action be dismissed.

      The Clerk is DIRECTED to furnish Plaintiff with a form for use in filing a complaint under 42 U.S.C. § 1983.

---

[1] The court is cognizant of the fact that *pro se* complaints are to be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyer." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court is also aware that it is expected to exercise "common sense" in interpreting these frequently diffuse pleadings, *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 260 (5th Cir. 1976) (citation omitted), and is to accord them a "liberal yet realistic construction." *Johnson v. Estelle*, 625 F.2d 75, 77 (5th Cir. 1980). Nonetheless, although *pro se* pleadings are to be treated more liberally, Plaintiff is advised that he must allege "some facts . . .that convince [the court] that [he] has a colorable claim; conclusory allegations will not suffice." *Mills v. Criminal Dist. Court # 3*, 837 F.2d 677, 678 (5th Cir. 1988).

DONE, this 29th day of September 2010.

    /s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE